UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

8:15-cv-02367-VMC-MAP

ALMIR SULJOVIC,

      Plaintiff,

vs.

GARDA CL SOUTHEAST, INC.

      Defendant.

_____/

## JOINT MOTION TO APPROVE FLSA SETTLEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff ALMIR SULJOVIC ("Plaintiff") and Defendant GARDA CL SOUTHEAST, INC. (hereinafter "Defendant"), file this Joint Motion for Approval of the Parties' Settlement and Stipulated Dismissal with Prejudice and respectfully state as follows:

1.    The Complaint in this case alleged that Defendant violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. *et seq.* ("FLSA") for failing to compensate Plaintiff at the required wage rate for all hours worked in excess of forty (40) in a given week.

2.    Defendant denies any wrongdoing under the FLSA, and denies that Plaintiff is entitled to any relief whatsoever. Defendant raises as a complete defense that Plaintiff was compensated for all time worked at the appropriate wage rate and that he

was exempt from overtime pursuant to the Motor Carrier Act exemption. Specifically, Plaintiff was an armored car driver/messenger performing nearly identical duties to those performed by the plaintiff in *Baez v. Wells Fargo*, 938 F.2d 180 (11th Cir. 1991). In *Baez,* the Eleventh Circuit Court of Appeals held that armored car personnel were exempt from the FLSA's overtime requirement.

3. Significantly, Defendant was awarded summary judgment on this defense as to the named plaintiff to the original action in which Plaintiff was an opt-in, *Rojas v. Garda CL Southeast, Inc.*, Case No. 1:13-cv-23173-DPG, pending in the U.S. District Court for the Southern District of Florida. Further, Garda's affirmative defenses of lack of willfulness and good-faith compliance are strong given the decisions awarding judgment in its favor with regards to the application of the exemption to Plaintiff's position.

4. However, Defendant recognizes that litigation is costly and the outcome is uncertain. Further, Plaintiff recognized that his recovery, if any at all, is extremely limited.

5. To avoid the costs and uncertainty of further litigation, Defendant negotiated a settlement of this matter with the Plaintiff. The settlement is intended to resolve all claims by Plaintiff against Defendant.

6. The parties have reached an agreement on all essential terms as set forth in the attached settlement agreement. *See* Exhibit A. Defendant has agreed to pay Plaintiff consideration in the amount of $1,000.00 to resolve any underlying claims for unpaid overtime wages and liquidated damages, even though Defendant denies that Plaintiff is

entitled to any relief. Defendant made the decision to settle this case, even though the claims herein were defensible, for the sole purpose of ending the expense of attorneys' fees which Defendant knows will far outweigh the cost of settlement.

7.  Counsel for the Plaintiff and the Defendant also negotiated a resolution of Plaintiff's claims for attorneys' fees and costs in the amount of $850. To this end, the consideration to be paid by the Defendant for Plaintiff's attorneys' fees under the settlement herein was separately reviewed by Plaintiff with Plaintiff's counsel independent of the amounts for Plaintiff's underlying claims. *See, e.g., Bonetti v. Embarq Mgmt. Co.,* 2009 U.S.D. Dist. LEXIS 68075, at*11-12 (M.D. Fla. Aug. 4, 2009). Accordingly, the attorneys' fees to be paid in this case were agreed upon by Plaintiff separately and without regard to the amount to be paid for Plaintiff's underlying claims.

8.  The Parties jointly submit that their settlement is a fair and reasonable solution of the dispute between the Parties. All Parties have been represented by counsel during the negotiation process and the Parties agree, based on the scope of the claims and the costs of continued litigation, that the settlement represents a fair and reasonable resolution of Plaintiff's claims.

## MEMORANDUM OF LAW

Pursuant to Eleventh Circuit precedent, judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor,* 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food:*

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by

> employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them…The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53.

In accordance with *Lynn's Food,* the Court's review of the parties' settlement is to determine if it is a "fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of Plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of the counsel.

*See, e.g., Leverso v. South Trust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531, n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist., LEXIS 10287 at *2-3 (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Id.* The attorneys' fees and costs

being paid by Defendant under the Parties' settlement are in full satisfaction of all attorneys' fees and costs owed to Plaintiff's counsel, and Plaintiff has no further obligation to Plaintiff's counsel for any additional attorneys' fees or costs. The settlement reached in this case did not involve coercion, collusion or any undue influence, but was instead agreed upon voluntarily and after due consideration and extended negotiation. To this end, Plaintiff and Defendant have at all times been represented by competent counsel experienced in the litigation of FLSA claims, and the Parties' Agreement represents a reasonable compromise of Plaintiff's claims, including FLSA liability, computation of back wages, and the application of various defenses Defendant has raised in opposition to Plaintiff's claims. Further, extensive discovery regarding Plaintiff's claim was conducted in the underlying *Rojas* action. Based upon the facts and circumstances of this case, the parties jointly advise the Court that the amount Defendant has agreed to pay under the terms of the Parties' Agreement is a fair and reasonable settlement of a *bona fide* dispute. The Parties therefore respectfully submit that the Parties' settlement should be approved by the Court consistent with precedent, including *Lynn's Food,* 679 F.2d at 1353.

      WHEREFORE, the Parties respectfully request that the Court enter an Order finding the settlement fair and reasonable and grant such other and further relief as is appropriate.

Dated:  December 14, 2015

By: */s/Bernard R. Mazaheri*  
Bernard R. Mazaheri, Esquire  
Florida Bar No. 643971  
MORGAN & MORGAN  
20 N. Orange Ave., Ste. 1600  
Orlando, Florida 32801  
Telephone: (407) 420-1414  
E-mail: CThomas@forthepeople.com  

*Counsel for Plaintiff*  
*Almir Suljovic*

By: */s/ Jessica T. Travers*  
Jessica T. Travers, Esquire  
Florida Bar No. 0018129  
LITTLER MENDELSON, P.C.  
333 S.E. 2nd Avenue  
Wells Fargo Center, Suite 2700  
Miami, Florida 33131  
Telephone: (305) 400-7500  
Facsimile (305) 603-2552  
Email:  jtravers@littler.com

*Counsel for Defendant*  
*Garda CL Southeast, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of December, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

　　　　　　　　　　　　　　　　　　　　　*/s/ Jessica T. Travers*  
　　　　　　　　　　　　　　　　　　　　　　Jessica T. Travers

Firmwide:136829343.1 067762.1222

6