# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

8:15-cv-02367-VMC-MAP

**ALMIR SULJOVIC,**

    **Plaintiff,**

vs.

**GARDA CL SOUTHEAST, INC.**

    **Defendant.**

_____/

**FLSA SETTLEMENT AGREEMENT AND RELEASE**

    This Settlement Agreement (hereinafter referred to as "AGREEMENT") is made and entered into by and between PLAINTIFF ALMIR SULJOVIC (hereinafter referred to as "PLAINTIFF"), and Garda CL Southeast, Inc. (hereinafter referred to as "GARDA").

    WHEREAS, PLAINTIFF has pending against GARDA an action in the U.S. District Court, Middle District of Florida captioned *Almir Suljovic v. Garda CL Southeast, Inc.* CASE NO**.:** 8:15-cv-02367-VMC-MAP (hereinafter referred to as "the LAWSUIT");

    WHEREAS, GARDA denies all allegations made in the LAWSUIT; and

    WHEREAS, PLAINTIFF and GARDA (collectively the "Parties") desire to settle fully and finally any and all claims of PLAINTIFF that could have been or were raised in the LAWSUIT;

    NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is agreed by and between the parties as follows:

1. Definitions:   Throughout this AGREEMENT, the term "GARDA" shall include the following:

   a. Garda CL Southeast, Inc. as well as any subsidiary, parent company, affiliated entity, related entity, operating entity, franchise, or division of Garda CL Southeast, Inc., and;

   b. Any officer, director, trustee, attorney, agent, employee, or insurer of an entity encompassed by subparagraph (a).

2. <u>Consideration</u>.  In consideration for this AGREEMENT:

    a.    GARDA shall pay to PLAINTIFF the gross amount of ONE THOUSAND EIGHT HUNDRED AND FIFTY DOLLARS AND ZERO CENTS ($1,850.00). Said amount shall be paid in two checks. The first check shall be made payable to PLAINTIFF's legal counsel, Morgan and Morgan, whose taxpayer identification number is: 59-2920684, in the sum of EIGHT HUNDRED AND FIFTY DOLLARS AND ZERO CENTS ($850.00) for attorney's fees and costs. The second check shall be made payable to Almir Suljovic in the amount of ONE THOUSAND DOLLARS AND ZERO CENTS ($1,000.00) for which lawful deductions will be made and for which a W-2 shall be issued.

        GARDA shall provide the consideration identified in this paragraph 2(a) within fifteen days after receiving all of the following items: (1) an original of this AGREEMENT appropriately signed and dated by PLAINTIFF; and (2) the Court's Order approving this AGREEMENT and dismissing this LAWSUIT with prejudice. This AGREEMENT shall not become effective, therefore, and none of the benefits set forth in this paragraph will become due or payable, until after the Effective Date of this AGREEMENT (the "Effective Date" defined as the first day after GARDA has received from PLAINTIFF all of the items described in this paragraph).

    b.    PLAINTIFF agrees that the foregoing shall constitute an accord and satisfaction and a full and complete settlement of his claims under the FLSA or any similar state wage law and shall constitute the entire amount of monetary consideration to be provided to PLAINTIFF pursuant to this AGREEMENT. PLAINTIFF agrees that he will not seek any further compensation for any other claimed damage, costs or attorneys' fees in connection with the matters encompassed in this AGREEMENT.

    c.    PLAINTIFF acknowledges and agrees that GARDA has made no representations to PLAINTIFF regarding the tax consequences of any amounts received by PLAINTIFF or his counsel pursuant to this AGREEMENT. PLAINTIFF agrees to pay federal or state taxes that are required by law to be paid with respect to this AGREEMENT. In the event that GARDA is notified by any taxing authority that a portion of said settlement amount should have been withheld, PLAINTIFF shall be notified within twenty (20) days by GARDA in order to allow PLAINTIFF to contest any such alleged obligation. If it is finally determined that if GARDA is required to pay both its tax obligation and the tax obligation of PLAINTIFF regarding the settlement amount paid to PLAINTIFF, then PLAINTIFF will indemnify GARDA for payment of PLAINTIFF's tax obligation and any related assessed interest and penalties.

3.    <u>Dismissal</u>. In conjunction with signing the AGREEMENT, PLAINTIFF will cause his LAWSUIT to be dismissed with prejudice. This AGREEMENT is expressly conditioned upon full and proper execution by PLAINTIFF of all documents and conditions necessary to obtain the actual dismissal with prejudice by the Court of all of the causes of action alleged in the LAWSUIT. If the Court refuses or fails to dismiss the entire LAWSUIT

with prejudice, this AGREEMENT shall be null and void and the Consideration set forth in Paragraph 2 will not be due and owing to PLAINTIFF and must be returned if payment has been tendered.

4. <u>Release of Claims by Employee</u>. PLAINTIFF, without limitation, hereby irrevocably and unconditionally releases and forever discharges GARDA, and GARDA's officers, agents, directors, supervisors, employees, representatives, attorneys, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners and successors, and all persons acting by, through, under, or in concert with any of them from any and all claims, whether known or unknown, existing prior to the execution of the AGREEMENT, that relate to the payment of wages and/or overtime for all hours worked, including, but not limited to, claims arising under the Fair Labor Standards Act, the Florida Constitution, and Florida's Minimum Wage Act.

5. <u>No Admission</u>. This AGREEMENT and compliance with this AGREEMENT shall not be construed as an admission by GARDA, or GARDA's employees of any liability whatsoever, or as admission by GARDA of any violation of the rights of PLAINTIFF, violation of any order, law, statute, duty or contract whatsoever. GARDA specifically disclaims any liability to PLAINTIFF for any alleged violation of his rights, or for any alleged violation of any order, law, statute, duty or contract on the part of the GARDA or its employees, agents or successors.

6. <u>Successors and Assigns</u>. This AGREEMENT shall be binding upon the parties hereto and upon their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns, and shall inure to the benefit of said parties and each of them and to their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns. PLAINTIFF expressly warrants that he has not transferred to any person or entity any rights or causes of action, or claims released by this AGREEMENT.

7. <u>Severability</u>. Should any provision of this AGREEMENT be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be effected thereby and said illegal, unenforceable, or invalid term, part or provision shall be deemed not to be a part of this AGREEMENT.

8. <u>Modification</u>. The parties hereto represent and acknowledge that in executing this AGREEMENT they do not rely and have not relied upon any representation or statement made by any of the parties or by any of the parties' agents, attorneys or representatives with regard to the subject matter or effect of this AGREEMENT or otherwise, other than those specifically stated in this written AGREEMENT. This AGREEMENT may only be amended or modified by a writing signed by the parties hereto. Any waiver of any provision of this AGREEMENT shall not constitute a waiver of any other provision of this AGREEMENT unless expressly so indicated.

9. <u>Interpretation and Governing Law</u>. This AGREEMENT shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the parties hereto. This AGREEMENT is made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed by and under the laws of the State of Florida.

10. <u>Enforcement</u>. It is further understood and agreed that if, at any time, a violation of any term of this AGREEMENT is asserted by any party hereto, that party shall have the right to seek specific performance of that term and/or any other necessary and proper relief, including but not limited to damages, from any court of competent jurisdiction, and the prevailing party shall be entitled to recover its reasonable costs and attorney's fees.

11. <u>Counterparts</u>. This AGREEMENT may be executed in counterparts and each counterpart, when executed, shall have the efficacy of a second original. Photographic or facsimile copies of any such signed counterparts may be used in lieu of the original for any purpose.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 2 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE THE CLAIMS HE HAS OR MIGHT HAVE AGAINST GARDA AS SET FORTH IN PARAGRAPH 4.

ACCEPTED AND AGREED:

Dated: 12-7-15

By: _____
ALMIR SULJOVIC

Dated: 12.14.15

**FOR GARDA**

By: _____
Name: Shelly Sarfaty
Title: Of Counsel

Firmwide:136819732.1 067762.1222