```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
ALMIR SULJOVIC,

        Plaintiff,
v.                                  Case No. 8:15-cv-2367-T-33MAP

GARDA CL SOUTHEAST, INC.,

        Defendant.
_____/
```

**ORDER**

This matter is before the Court pursuant to the Joint Motion to Approve FLSA Settlement and Dismissal with Prejudice (Doc. # 10), filed on December 14, 2015. The Court grants the Motion.

**I.   Background**

Plaintiff Almir Suljovic filed a Fair Labor Standards Act Complaint against Defendant Garda CL Southeast, Inc. on September 2, 2015, in state court. (Doc. # 2). Plaintiff contended that Defendant failed to pay overtime wages in violation of the FLSA. Defendant then removed the action to this Court on October 7, 2015. (Doc. ## 1, 2). On October 9, 2015, the Court issued its FLSA Scheduling Order. (Doc. # 5). On October 14, 2015, the parties filed a Notice of Settlement. (Doc. # 8). Thereafter, the parties submitted the present Motion to Approve the FLSA Settlement and Dismissal with Prejudice. (Doc. # 10).

**II.  Analysis**

Suljovic alleges that the Defendant violated the terms of the Fair Labor Standards Act. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties have reached a settlement wherein it is agreed that Suljovic will receive $1,000.00 to resolve any underlying claims for unpaid overtime wages and liquidated damages, even though Defendant denies that Suljovic is entitled to any relief. Additionally, the parties have agreed to pay Suljovic's counsel $850.00 for attorneys' fees and costs.

In the Motion, the parties represent that the attorneys' fees to be paid as part of the resolution of Suljovic's claims were agreed upon by the parties separately from the amount to be paid to Suljovic. (Doc. # 10 at ¶ 7). The parties also provide a detailed discussion of the issues that they considered in reaching the settlement, including Defendant's defense that Plaintiff was exempt from overtime payment pursuant to the Motor Carrier Act exemption, Defendant's award of summary judgment as to the original action in which Suljovic was an opt-in plaintiff (Rojas v. Garda CL Southeast, Inc., Case No. 1:13-cv-23173-DPG, pending in the U.S. District Court for Southern District of Florida), and the cost of litigation among other factors.

Pursuant to <u>Bonetti v. Embarq Management Company</u>, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case.[1]  The settlement is fair on its face and represents a reasonable compromise of the parties' dispute.   The Court dismisses the case with prejudice.

Accordingly, it is

**ORDERED ADJUDGED** and **DECREED:**

(1) The Joint Motion to Approve FLSA Settlement and Dismissal with Prejudice (Doc. # 10) is **GRANTED**.

(2) The parties' settlement is approved.

(3) This case is dismissed with prejudice.

(4) The Clerk is directed to terminate all pending motions and to **CLOSE THE CASE**.

---

[1] In <u>Bonetti</u>, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 15th day of December, 2015.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE